**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| G&G Closed Circuit Events, LLC,            ) | C/A No.: 3:12-cv-2933 |
|                                             ) | |
| Plaintiff,      ) | |
|                                             ) | |
| v.                             ) | **ORDER** |
|                                             ) | |
| Camden Wing Shack d/b/a The      ) | |
| Wing Shack and Crystal Lee Bryson   ) | |
| a/k/a Crystal L Bryson a/k/a Crystal    ) | |
| Lee Trimnal,                       ) | |
|                                             ) | |
| Defendants.   ) | |
| _____) | |

The plaintiff, G&G Close Circuit Events, LLC (G&G), brings this civil action against Defendants Camden Wing Shack (Wing Shack) and Crystal Lee Bryson. In its complaint, Plaintiff alleges that Defendants violated 47 U.S.C. § 605 and 47 U.S.C. § 553. Plaintiff also asserts a state law claim for conversion against Defendants. Initially, Defendants failed to respond to the complaint, and the Clerk entered default against both the Wing Shack and Bryson. Subsequently, Defendant Bryson filed a pro se answer on behalf of herself and the Wing Shack, but the Magistrate Judge informed Bryson that the Wing Shack would have to obtain counsel to make an appearance before the court. After the Wing Shack failed to obtain counsel, G&G filed a motion for default judgment as to the Wing Shack.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that G&G's motion for default judgment should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

Defendant Wing Shack has failed to obtain counsel, to respond to the motion for default judgment, or to object to the Magistrate Judge's Report. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court therefore adopts the Magistrate Judge's recommendation that default judgment be entered against Defendant Wing Shack and that the Wing Shack be found liable for willful violation of 47 U.S.C. § 605. The court slightly modifies the recommended judgment against the Wing Shack and awards the following amounts:

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

| | |
|---|---|
| Costs | $450 |
| Attorneys' Fees | $1,978.75 |
| Statutory Damages | $1,200 |
| Enhanced Damages (4 x statutory damages) | $4,800 |
| Total Recommended Monetary Award | $8,428.75 |

Accordingly, the total monetary award is $8,428.75 ($6,000 damages, plus $2,428.75 in costs and fees).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

July 1, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

3